**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILAGROS GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-04535-MCS-JC<br><br>**ORDER REMANDING CASE** |

The Court ordered Defendant Mercedes-Benz USA, LLC, to show cause why the case should not be remanded to state court. (OSC, ECF No. 12.) Defendant filed a response. (Resp., ECF No. 13.)

**I.  BACKGROUND**

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). Plaintiff Milagros Garcia bought a 2019 Mercedes-Benz C300W ("Vehicle") on or about July 7, 2022 which then began exhibiting defects. (Gallagher Decl. ¶ 3, ECF No. 13-1; *id.* Ex. A ("Compl.") ¶ 8, ECF No. 13-2.) Plaintiff seeks "replacement or restitution, including the entire price paid or payable for the subject vehicle, incidental

1

and consequential damages, a civil penalty in an amount up to two times the amount of Plaintiff's actual damages pursuant to California Civil Code section 1794 subdivision (c)" as well as "attorneys' fees, and costs of suit." (*Id.* ¶ 6 (citing Compl. ¶¶ 27–30, 41–43, 53–57, p. 8:7–16).)

Plaintiff initiated this proceeding in the Los Angeles County Superior Court, No. 23GDCV00937. (Compl.) Asserting diversity jurisdiction, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.)

## II. LEGAL STANDARDS

### A. Subject-Matter Jurisdiction

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### B. Amount in Controversy

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.

2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

### III. DISCUSSION

The amount in controversy is not clear from the face of the Complaint. Plaintiff does not plead any specific amount in controversy, but the civil case cover sheet submitted to the state court with the Complaint indicates the amount demanded exceeds $25,000. (Resp. 12, ECF No. 13-2.)[1] Plaintiff's pleading does not clearly indicate whether the total amount Plaintiff seeks exceeds $75,000. *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). Thus, Defendant must show that the amount in controversy more likely than not exceeds $75,000.

#### A. Actual Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The so-called "milage offset" is based on miles driven before the first attempted repair of the defect. *Id.*

"Defense counsel has been unable to obtain the sales contract for Plaintiff's purchase of the Subject Vehicle from third-party Keyes European." (Gallagher Decl. ¶ 5.) Instead, Defendant claims that on July 3, 2023, or almost a year after Plaintiff's purchase, "the trade-in value for a base model 2019 Mercedes-Benz C300W in the 'Fair' condition with standard equipment in the Los Angeles market is $25,681.00." (*Id.* ¶¶ 5, 7.) Defendant also argues that the "mileage offset in this case is worth $1,042.22." (*Id.* ¶ 8.) As a result, Defendant argues the actual damages in this case are no more than

---

[1] This pinpoint citation refers to the pagination supplied by the CM/ECF system.

$24,638.78.

This figure is speculative at best given Defendant's inapt evidence of the value of the Vehicle. For example, Defendant fails to establish why the Vehicle should be assumed to be in "Fair" condition; why the Vehicle's value should rest upon its trade-in value a year after purchase; and why the value estimate given by a website of unexplained authority based upon variables defense counsel input should be given any weight here. Given the speculative nature of the actual damages in this case, Defendant has failed to adequately establish the "actual price paid or payable by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B). As a result, Defendant has not made an adequate showing of the quantum of actual damages.

**B.     Civil Penalties**

Plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages only if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *8 (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Defendant asserts that the Court should consider the maximum civil penalty when evaluating the amount in controversy because Plaintiff pleads entitlement to the maximum penalty. (Gallagher Decl. ¶ 8 ("[A]ssuming a maximum civil penalty solely on the amounts paid under the sales contract, without any consideration of incidental or consequential damages, and accounting for the mileage offset, Plaintiff is seeking no less than $76,000.78.").) As an initial matter, this calculation is based on an assumption of the value of actual damages that lacks sufficient support. And the declaration is incredible insofar as it rests upon a sales contract the declarant admits she does not have

and an amount paid the declarant thus cannot know. Fed. R. Evid. 602. Even if the Court were to accept Defendant's proffered calculation, acknowledging a split in authority, the Court respectfully declines to follow the line of cases Defendant cites. *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *6–8 (collecting cases on either side of the split, and reasoning that if "boilerplate allegations [concerning willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court"). Defendant presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying the maximum penalty. *See, e.g.*, *id.* at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendants have not offered any evidence to support such an award."). Defendant has not established that the requested civil penalty is more likely than not in controversy.

### C. Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant claims that Plaintiff's counsel is likely to seek fees based on at least 100–120 hours of work billing at a rate of anywhere from $325 to $695 per hour "inclusive of appearances, discovery, pleading and motion practice, and trial preparation." (Resp. 7.) Consequently, Defendant argues that "[t]his pushes the

potential attorney's fees sought in this matter to $39,000 *at minimum*."[2] (*Id.*) Defendant cites several cases litigated by other lawyers at Plaintiff's counsel's law firm. (Resp. 6–7.) Even if fees recovered or sought in other SBA cases present competent evidence of the fees that *could* accrue here, they do not provide probative evidence of the hours that *might reasonably be expended in this case. Cf. Schneider*, 441 F. Supp. 3d at 914 (finding burden unmet where "Defendants fail to provide the Court with specific evidence showing the attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold); *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *11 (finding burden unmet where defendant failed to "provide an estimate of the hours that will be incurred"). Specifically, Defendant "provides no explanation for why this case is similar to ones that went to trial" or that the cases are likely to involve similar procedural challenges. *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *10–11; *accord Schneider*, 441 F. Supp. 3d at 914 ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases." (citation omitted)). The Court also notes that virtually every SBA case assigned to this judicial officer except one has settled before trial. (*Cf.* Resp. 7 (noting that the fee estimate accounted for "appearances, discovery, pleading and motion practice, *and trial preparation*" (emphasis added)).)

///

///

///

---

[2] Assuming, *arguendo*, Defendant's assumptions are correct, the minimum rate is actually $32,500 (100 hours × $325/hr).

## IV. CONCLUSION

The amount in controversy is not clear from the face of the Complaint. Defendant has not made a sufficient showing as to actual damages that could be awarded in this case. Defendant has likewise failed to demonstrate that civil penalties or attorneys' fees are more likely than not to be awarded at a quantum that would satisfy the amount-in-controversy threshold. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case, and remand is therefore appropriate. 28 U.S.C. § 1447(c).

The Court remands the case to Los Angeles County Superior Court, No. 23GDCV00937. The Court directs the Clerk to effect the remand and close the case.

**IT IS SO ORDERED.**

Dated: July 12, 2023

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE